UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| BRAZE ROLAND RUCKER, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) NO. 2:24-cv-00077 |
| LT. JEREMY NASH, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Braze Rucker, a pretrial detainee in the custody of the Putnam County Sheriff's Office, filed a pro se civil rights complaint under 42 U.S.C. § 1983 (Doc. No. 1, "Complaint") on November 7, 2024. The Complaint names as defendants Lt. Jeremy Nash, Jennifer Wilkerson, unnamed employees of the Putnam County Sheriff's Office (PCSO), and unnamed employees of the Circuit Court of Putnam County. (Id. at 2–3). After the Court found his initial application for leave to proceed in forma pauperis (IFP) deficient, Plaintiff filed a new IFP application (Doc. No. 8) and a Motion for Appointment of Counsel (Doc. No. 9) on July 28, 2025.

On August 22, 2025, Plaintiff filed a Motion for Leave to File Amended Complaint (Doc. No. 10) that identifies six of the previously unnamed PCSO defendants (Sheriff Eddy Ferris, Major Tim Nash, Sgt. Cathy Hall, Sgt. Carter, Lt. Klaus, and Lt. Vulkan) and seeks to add them to the two defendants identified by name in the Complaint, Jeremy Nash and Jennifer Wilkerson. The Motion was not filed with a proposed amended complaint attached.

On September 9, 2025, Plaintiff filed an amended complaint (Doc. No. 11) against the six defendants named in his Motion for Leave to File Amended Complaint; however, unlike the earlier-filed Motion, the purported amended complaint does not name original defendants Jeremy

Nash, Jennifer Wilkerson, or unnamed Putnam County Circuit Court employees in addition to the six newly named defendants, nor does it assert the same claims to relief as the original Complaint.

This case is before the Court for ruling on Plaintiff's IFP application and motions and for initial review under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915A.

## I. PAUPER STATUS

Subject to certain statutory requirements, see 28 U.S.C. § 1915(a)(1)–(2), (g), a prisoner bringing a civil action may be permitted to proceed as a pauper, without prepaying the $405 filing fee. Because Plaintiff's IFP application complies with the applicable statutory requirements and demonstrates that he lacks the funds to prepay the entire filing fee, his IFP application (Doc. No. 8) is **GRANTED**.

Nevertheless, prisoners bringing civil lawsuits or appeals are "required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). Where the prisoner proceeds IFP, the fee is $350 instead of $405, see 28 U.S.C. § 1914(a)–(b) & Dist. Ct. Misc. Fee Schedule, provision 14 (eff. Dec. 1, 2023), and may be paid in installments over time via an assessment against his inmate trust account. Id. § 1915(b)(1)–(2).

Accordingly, Plaintiff is **ASSESSED** a $350 filing fee. The fee will be collected in installments as described below.

The warden of the facility in which Plaintiff is currently housed, as custodian of his trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the Complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when

the balance in his account exceeds $10. Id. § 1915(b)(2). Payments shall continue until the $350 filing fee has been paid in full to the Clerk of Court. Id. § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the warden of the facility in which Plaintiff is currently housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this Order follows Plaintiff to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

## II. INITIAL REVIEW OF THE COMPLAINT

**A. Legal Standard**

In cases filed by prisoners, the Court must conduct an initial screening and dismiss the Complaint (or any portion thereof) if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c). Review under the same criteria is also authorized under 28 U.S.C. § 1915(e)(2) when the prisoner proceeds IFP.

To determine whether the Complaint states a claim upon which relief may be granted, the Court reviews for whether it alleges sufficient facts "to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). At this stage, "the Court assumes the truth of 'well-pleaded factual allegations' and 'reasonable inference[s]' therefrom," Nat'l Rifle Ass'n of Am. v. Vullo, 602 U.S. 175, 181 (2024) (quoting Iqbal, 556 U.S. at 678–79), but is "not required to accept legal

3

conclusions or unwarranted factual inferences as true." Inner City Contracting, LLC v. Charter Twp. of Northville, Michigan, 87 F.4th 743, 749 (6th Cir. 2023) (citation omitted). The Court must afford the pro se Complaint a liberal construction, Erickson v. Pardus, 551 U.S. 89, 94 (2007), while viewing it in the light most favorable to Plaintiff. Inner City, supra.

**B. Allegations and Claims**

The Complaint names PCSO Lieutenant Jeremy Nash, Putnam County Circuit Court Clerk Jennifer Wilkerson, and other, unnamed employees of the PCSO and Putnam County Circuit Court as defendants to Plaintiff's Section 1983 claim under the Eighth Amendment. (See Doc. No. 1 at 2–3). Plaintiff alleges that Nash was the senior PCSO official who signed a warrant for his arrest "with bail set at 1,000,000 dollars," and that Wilkerson was the court officer who "stamp[ed] the affidavit." (Id. at 4.) Plaintiff claims that these and "all defendants . . . under the employment of the Putnam County Court and Sheriff's Office" signed his warrant and accompanying affidavit of complaint setting "excessive bail of $1,000,000 for the charge of facilitation of a felony" in violation of his Eighth Amendment rights. (Id. at 3–4). He reiterates that "$1,000,000 bail set for a criminal responsibility for a facilitation of a felony is excessive, considering no past for a flight risk, failure to appears, etc.," and alleges that "[a]ll staff of the Sheriff's Office as well as some court staff of Putnam County deliber[a]t[e]ly prevented [him] from a[d]dressing these issues to the courts." (Id. at 6). As relief, Plaintiff seeks to be released on his own recognizance pending trial, or to have his bail set at "a reasonable amount of $75,000." (Id. at 5). He also seeks $50,000 in damages. (Id.).

**C. Analysis**

The Eighth Amendment provides that "[e]xcessive bail shall not be required." Fields v. Henry Cnty., Tenn., 701 F.3d 180, 183 (6th Cir. 2012). Although bail is not mandated in all cases,

4

where it is granted, it may not be unreasonably high. Id. at 183–84. A bail setting is excessive when it is "grossly disproportional to the gravity of a defendant's offense." Id. at 184 (quoting United States v. Bajakajian, 524 U.S. 321, 334 (1998) (interpreting the Excessive Fines Clause)).

Here, Plaintiff alleges that his bail was set at one million dollars even though he was only charged with facilitation of a felony and there was no reason to believe that he was a flight risk. However, he does not identify the felony he was charged with facilitating. "Under Tennessee law, a 'person is criminally responsible for the facilitation of a felony, if, knowing that another intends to commit a specific felony, but without the intent required for criminal responsibility [for that offense] . . . the person knowingly furnishes substantial assistance in commission of the felony.'" United States v. Vanhook, 640 F.3d 706, 711 (6th Cir. 2011) (quoting Tenn. Code Ann. § 39-11-403(a)); see also Tenn. Code Ann. § 39-11-403(b) ("The facilitation of the commission of a felony is an offense of the class next below the felony facilitated by the person so charged."). Putnam County's Online Court Records System reveals that, at the time the Complaint was filed on November 7, 2024, Plaintiff's case in General Sessions court (where he had been charged with facilitation based on conduct occurring July 19, 2024) had already been bound over to the grand jury,[1] which indicted him (for conduct occurring July 19, 2024) on December 2, 2024. The case was then elevated to Putnam County Circuit Court on the indicted charges of attempted first-degree murder, possession and employment of a firearm with intent to go armed (both "dangerous" felonies), possession of a weapon by a convicted felon, and theft of property valued between $10,000 and $60,000; the facilitation charge was not indicted.[2] The Court may, and does, take

---

[1] https://putnam.tncrtinfo.com/crCaseForm.aspx?id=AD86BBC0-BDAF-4831-A0BA-3DBB6CE330F2&dsid=44aed223 (last visited Oct. 14, 2025).

[2] https://putnam.tncrtinfo.com/crCaseForm.aspx?id=635C6F5E-5C31-4CB8-87F4-7E014EEBC7D8&dsid=d7a0ff23 (last visited Oct. 14, 2025).

judicial notice of these "public records and government documents available from reliable sources on the Internet." ARJN #3 v. Cooper, 517 F. Supp. 3d 732, 747 (M.D. Tenn. 2021); see also Lynch v. Leis, 382 F.3d 642, 647 n.5 (6th Cir. 2004) (noting that judicial notice is properly taken of "court records [that] are available online to members of the public") (citation omitted); Carter v. Lawrence, No. 3:22-CV-00730, 2023 WL 2639270, at *1 & n.1 (M.D. Tenn. Mar. 23, 2023) (taking judicial notice of Davidson County Criminal Court's online database in the course of performing PLRA screening).

Between the lack of factual allegations in the Complaint concerning the facilitation charge for which Plaintiff was initially jailed, and the publicly available information establishing the gravity of the multiple charges being pursued before the grand jury at the time of the Complaint's filing, the Court finds that Plaintiff fails plausibly to claim a right to relief from excessive bail under the Eighth Amendment. See Thomas v. West, No. 6:22-CV-00030-JCB, 2022 WL 17331281, at *2 (E.D. Tex. Nov. 9, 2022), report and recommendation adopted, 2022 WL 17331244 (E.D. Tex. Nov. 29, 2022) (dismissing excessive bail claim for failure to allege necessary facts about its setting; stating that "a bail setting is not constitutionally excessive merely because a defendant is financially unable to satisfy the requirement" (quoting United States v. McConnell, 842 F.2d 105, 107 (5th Cir. 1988))). The Complaint is therefore subject to dismissal.

### III. MOTION TO AMEND AND AMENDED COMPLAINT

**A. The Motion**

Plaintiff's Motion for Leave to File Amended Complaint (Doc. No. 10, "Motion") was filed on August 22, 2025. It seeks permission under Federal Rules 15(a) and 19(a) "to file an amended complaint adding parties," noting that the original Complaint had identified only two defendants by name, Lt. Jeremy Nash and Jennifer Wilkerson, while the identities of other PCSO

and Putnam County Circuit Court defendants were at that time unknown. (Id. at 1).

Federal Rule of Civil Procedure 15(a)(1) allows a party to amend its pleading "once as a matter of course" no later than 21 days after service of the pleading or service of certain responsive pleadings or motions. Fed. R. Civ. P. 15(a)(1); see Broyles v. Corr. Med. Servs., Inc., No. 08-1638, 2009 WL 3154241, at *3 (6th Cir. Jan. 23, 2009) (quoting Pertuso v. Ford Motor Credit Co., 233 F.3d 417, 421 (6th Cir. 2000)) (recognizing that Rule 15(a) gives plaintiffs an "absolute right" to amend a complaint before being served with a responsive pleading). Otherwise, leave of Court or the written consent of the opposing party is required to amend a pleading. Fed. R. Civ. P. 15(a)(2). The joinder rule invoked in the Motion, Federal Rule of Civil Procedure 19(a), requires (as pertinent here) joinder of additional parties who, if not included in the action, would render the court incapable of "accord[ing] complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A).

The Motion names six additional defendants identified by Plaintiff "[s]ince filing the complaint," defendants who are apparently named in place of the previously unnamed PCSO employees sued in the original Complaint and in addition to existing parties Jeremy Nash, Jennifer Wilkerson, and unnamed Putnam County Circuit Court employees. (Id. at 1–2). The "Defendants added" according to the Motion are Sheriff Eddy Ferris, Major Tim Nash, Sgt. Cathy Hall, Sgt. Carter, Lt. Klaus, and Lt. Vulkan. (Id. at 2).

Plaintiff did not attach a proposed amended complaint to the Motion,[3] as Local Rule 15.01(a)(1) requires. See M.D. Tenn. L.R. 15.01(a)(1) ("A motion to amend a pleading must . . . include as an appended exhibit the signed proposed amended pleading[.]"). However, Plaintiff did

---

[3] His subsequently filed amended complaint does not comport with the relief requested in the earlier-filed Motion, and is thus not considered to be the amendment sought by the Motion. As discussed below, the amended complaint does not merely add parties to the original Complaint as requested in the Motion (Doc. No. 10 at 1) but amounts to a whole new lawsuit.

7

not need to file a motion to amend in the first place. "The Sixth Circuit recognizes the addition of new parties as an amendment to a complaint." Kennedy v. Kentucky Dep't of Juv. Just., No. 1:24-CV-00016-GNS, 2025 WL 283227, at *2 (W.D. Ky. Jan. 23, 2025) (citing Cox v. Treadway, 75 F.3d 230, 240 (6th Cir. 1996)). Even though the Motion does not recapitulate the Complaint so as to supplant it as Plaintiff's operative pleading, the Motion refers to the Complaint against existing Defendants (Jeremy) Nash and Wilkerson and asks that it extend to Ferris, (Tim) Nash, Hall, Carter, Klaus, and Vulkan under Rule 19(a), by amending in order to assert those defendants' "identity and actions . . . in their own and official capacity." (Doc. No. 10 at 1). The Court therefore construes the Motion as Plaintiff's "once as a matter of course" amendment under Federal Rule of Civil Procedure 15(a)(1). See Stephens v. Balkamp, Inc., 70 F.R.D. 49, 51 (E.D. Tenn. 1975) (finding that "[t]he plaintiffs' motion [to amend] . . . is allowable as a matter of course" except as to claims against newly identified defendants that would not relate back under Fed. R. Civ. P. 15(c)). Plaintiff did not need leave of Court to make this change to the Defendants he is suing for violating his right not to have bail set in an excessive amount. Accordingly, the Clerk will be directed to terminate Docket Number 10 as a pending motion.

For the reasons discussed above in the initial review of the Complaint against Nash, Wilkerson, and unnamed PCSO and court employees, no plausible claim for excessive bail is stated against the additional, named PCSO Defendants. The case against them will therefore be dismissed.

**B. The Amended Complaint**

As to the later filed Amended Complaint, it does not assert any claim against (nor does it even mention outside of the caption) the original named Defendants Wilkerson, Nash, and unnamed court employees. It also does not present an Eighth Amendment claim for excessive bail

8

or any other claim related to the setting of bail. Instead, the Amended Complaint is entirely concerned with the conditions of Plaintiff's confinement in the Putnam County Jail during 2024 and claims that the six named PCSO defendants (as well as the PCSO collectively) acted or failed to act in ways that violated Plaintiff's rights and caused him to suffer physical and emotional injuries. (See Doc. No. 11 at 9–13). This amendment, if allowed, would fundamentally change the cause of action originally brought by Plaintiff ten months earlier,[4] under factual circumstances and legal theories that have nothing in common with those presented in the original Complaint.

A similar amendment was disallowed in Anderson v. Fla. Dep't of Corr. Sec'y, No. 5:21-CV-91-RV/MJF, 2022 WL 1667573 (N.D. Fla. Apr. 6, 2022) report and recommendation adopted, 2022 WL 1663097 (N.D. Fla. May 25, 2022), where the amended complaint presented "an entirely new lawsuit, with different defendants, different causes of action, different relief requested, and different legal theories." Id. at *2. As in Anderson, Plaintiff in the case at bar cannot be allowed to switch horses in midstream but must file his purported amended complaint "as a new complaint in a new civil action accompanied by either the filing fee or a motion for leave to proceed in forma pauperis." Id. (citing McCord v. Bertand, No. 05-C-68-C, 2005 WL 752250, at *1 (W.D. Wis. Mar. 29, 2005) ("If [plaintiff] missed the target so wide that he would change the defendants he named, the claims he raised and the relief he requested, his modified complaint should be filed in an entirely new lawsuit, not as an amendment to the complaint in this case.")). To allow otherwise under these circumstances would be to allow evasion of the PLRA's requirements concerning the obligation to pay separate filing fees for separate actions and the assessment of "strikes" for

---

[4] Although leave to amend should be "freely give[n] . . . when justice so requires," Fed. R. Civ. P. 15(a)(2), undue delay in seeking such leave is a sufficient reason to deny the requested amendment. Foman v. Davis, 371 U.S. 178, 182 (1962). Here, Plaintiff was aware of the facts alleged in the purported amended complaint as early as July 2024 (see Doc. No. 11 at 3–5), but did not seek leave to amend until September 2025.

9

nonviable filings under 28 U.S.C. § 1915(g). See id. (citing George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007)); see also Brown v. Falvey, No. CV 22-5861 (RK) (TJB), 2025 WL 1168224, at *4 (D.N.J. Apr. 22, 2025) ("[S]ince Plaintiff's newly proposed claims bear no relation to the allegations that gave rise to this action, neither amendment nor supplementation of the Complaint is the proper course for Plaintiff to pursue his proposed claims. Rather, the proper remedy for Plaintiff is to file a new lawsuit to be subject to the requirements of the PLRA, including the mandatory screening requirement of 28 U.S.C. § 1915(e)(2)(B) which may result in him obtaining a 'strike' under 28 U.S.C. § 1915(g).").

### IV. CONCLUSION

For the above reasons, the Clerk is **DIRECTED** to return the Amended Complaint (Doc. No. 11) to Plaintiff, along with forms for filing a civil rights complaint and an IFP application. If Plaintiff wishes to file a new lawsuit, he may do so by re-presenting the contents of the amended complaint in a new filing using the supplied forms. The Clerk **SHALL** terminate Docket Number 10 as a pending motion.

This action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim upon which relief may be granted. Plaintiff's Motion for Appointment of Counsel (Doc. No. 9) is **DENIED** as moot.

The Court **CERTIFIES** that any appeal from this dismissal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

This is the final order in this action. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE

11